IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NIKOLE BROWN ET AL. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 10-2292 |
| MORAN FOODS, INC., d/b/a, | : | |
| SAV-A-LOT, LTD., ET AL. | : | |

SURRICK, J.                                                                            JANUARY __18__, 2012

## MEMORANDUM

Presently before the Court is Plaintiffs' Motion for New Trial and Motion for Remand. (ECF No. 45.)  For the following reasons, the Motions will be denied.

**I.     BACKGROUND**

Plaintiff Nikole Brown is an African-American female.  On February 3, 2008, while Plaintiff was shopping at the Sav-A-Lot grocery store located at 3901-29 M Street in Philadelphia, an empty plastic container fell from a shelf and struck Plaintiff in the head.[1] Plaintiff alleged that she sustained physical and psychological injuries as a result of the impact.[2] Plaintiff brought suit against Defendant in the Court of Common Pleas for Philadelphia County. Defendant removed the matter to this Court.  (ECF No. 1.)  Plaintiff sought remand, arguing that there was no subject matter jurisdiction.  On June 10, 2010, we denied Plaintiff's motion to

---

[1] Defendant Moran Foods, Inc. d/b/a Sav-A-Lot, Ltd., is a Missouri Corporation with its principal place of business in Missouri.  Supervalu, Inc. d/b/a Sav-A-Lot, Sav-A-Lot, Ltd. and Sav-A-Lot Store #253 is a Delaware Corporation with its principal place of business in Minnesota.  (ECF No. 5 and Exhibits.).

[2] There was a surveillance tape of this incident which was shown to the jury.  It showed the plastic container striking Plaintiff.  Plaintiff was not knocked down by the impact.  It showed Plaintiff's reaction which was to walk out of the store and go home.  Plaintiff testified that she did not remember driving home.  Plaintiff returned to the store later to report the incident.

remand, finding complete diversity among the parties. (ECF No. 7.) Prior to trial, Plaintiff filed a motion in limine seeking to exclude evidence of her plea of guilty to endangering the welfare of a child in 2004. This motion was denied. (ECF No. 37.)

A jury trial commenced on May 31, 2011. During voir dire, defense counsel used peremptory strikes on two prospective jurors of African-American descent. (Jury Voir Dire Tr. 29:20-22 (on file with Court).) Counsel used his third peremptory strike on a Caucasian female. (*Id.* at 31:20-21.) Plaintiff's counsel made a *Batson* challenge to defense counsel's use of his peremptory strikes. (*Id.* at 29:20-22.) Defense counsel responded that he struck Juror Number 2 because her mother had been in an accident and had brought a civil lawsuit as a result. (*Id*. at 29:24-30:4.) In addition, Juror Number 2 had been smiling at Plaintiff's son throughout the voir dire. (*Id.*) Counsel struck Juror Number 9 because he was retired and because he was wearing sunglasses during voir dire. (*Id.* at 30:6-10, 31:1-8.) Counsel argued that he could not see the prospective juror's eyes because he never removed his sunglasses. (*Id.* at 31:1-8.) The Court permitted counsel's strikes. (*Id.* at 31:17-32:2.) There were two other African-Americans in the panel of prospective jurors, but neither of them was selected to be on the jury. (*Id.* at 31:13-19.)

On June 2, the jury returned a verdict in favor of Defendant. The jury found that Defendant was not negligent. (ECF No. 43.) Plaintiff now moves for a new trial and remand.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 59(a) permits a court to order a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Rule 59(a) does not specify the bases upon which a court may grant a new trial, but rather leaves the decision to the discretion of the district court. *See Blancha v. Raymark Indus.*, 972 F.2d 507, 512

(3d Cir. 1992).  When the motion involves an evidentiary ruling or point for charge, the trial court has wide latitude in deciding the motion.  *See Klein v. Hollings*, 992 F.2d 1285, 1289-90 (3d Cir. 1993); *Link v. Mercedes-Benz of N. Am., Inc.*, 788 F.2d 918, 921-22 (3d Cir. 1986).  The court must determine (1) whether an error was in fact made, and (2) whether the error was so prejudicial that refusal to grant a new trial would be inconsistent with substantial justice.  *Bhaya v. Westinghouse Elec. Corp.*, 709 F. Supp. 600, 601 (E.D. Pa. 1989).

The statute governing motions to remand provides that if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.   DISCUSSION

Plaintiff raises three arguments in her Motions.  First, Plaintiff argues that the Court erred by permitting evidence of her 2004 guilty plea.  Second, Plaintiff argues that the Court should have sustained her *Batson* challenges.  Finally, Plaintiff argues that the Court lacks subject matter jurisdiction and should remand the case to state court.

### A.   2004 Guilty Plea

On November 10, 2004, Plaintiff entered a plea of guilty to endangering the welfare of a child. (Pl.'s Dep. 92:15-93:4, Defs.' Resp. Ex. B, ECF No. 18.)  The guilty plea arose from an incident in which Plaintiff left her son in her vehicle while she was shopping.  Plaintiff forgot that her son was in the back of her SUV. (*Id.* at 93:11-14.)  Plaintiff filed a motion in limine seeking to exclude evidence of this conviction.

On May 31, 2011, we denied Plaintiff's motion.[3]  We concluded that the probative value of the guilty plea was not substantially outweighed by the danger of unfair prejudice.  *See* Fed. R. Evid. 403.  Plaintiff was claiming memory problems as a result of the plastic container striking her.  The 2004 incident was relevant along with other evidence to show that Plaintiff had had prior cognitive difficulties and to rebut Plaintiff's argument that she had never had memory problems before this incident.  We also found that the guilty plea was relevant on the issue of damages.  Plaintiff was a pediatric nurse.  She had entered the guilty plea to endangering the welfare of a child.  She never told her employer about the guilty plea.  In this lawsuit Plaintiff was seeking more than one million dollars in lost earnings and lost earning capacity.  Clearly, the conviction was relevant on the issue of Plaintiff's ability to secure employment as a pediatric nurse.  In addition, we rejected Plaintiff's argument that Federal Rule of Evidence 609 precluded the introduction of this evidence since Defendant was not using the guilty plea for impeachment purposes.

Plaintiff contends that the Court also erred by not giving a limiting instruction.  However, Plaintiff never requested a limiting instruction and Plaintiff did not object to the instructions that were given by the Court.  A new trial will not be granted "on grounds not called to the court's attention during the trial unless there exists error so fundamental that injustice would result." *Blackiston v. Johnson*, No. 91-5111, 1995 WL 563834, at *2 (E.D. Pa. Sept. 21, 1995).  "This principle has particular application to claims of error in instructions." 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2805 (2d ed. 1995).  Federal Rule of Civil

---

[3] The motion was denied in a footnoted order that explained the reasons for the denial. (ECF No. 39).

Procedure 51 provides that a party must make specific objections to jury instructions before the jury retires to deliberate. *See Hampden Real Estate, Inc. v. Metro. Mgmt. Grp., Inc.*, 253 F. App'x 220, 223 (3d Cir. 2007). The failure to object constitutes a waiver. *Inter Med. Supplies, Ltd. v. EBI Med. Sys., Inc.*, 181 F.3d 446, 463 (3d Cir. 1999).

### B. *Batson* Challenges

In *Batson v. Kentucky*, 476 U.S. 79 (1986), the Supreme Court held that the Equal Protection Clause prohibits the use of peremptory challenges to exclude prospective jurors on the basis of race. *See also Edmonson v. Leesville Concrete Co.*, 500 U.S. 614 (1991) (extending *Batson* rule to civil cases). *Batson* outlined a three-step process for a trial court to use in adjudicating a claim that a peremptory challenge was made on the basis of race. *Snyder v. Louisiana*, 552 U.S. 472, 476-77 (2008). First, objecting counsel must demonstrate a prima facie showing that a peremptory challenge was exercised on the basis of race. Second, counsel exercising the strike must offer a race-neutral basis for striking the juror in question. Third, the trial court must determine whether there was purposeful discrimination. *Id.*; *Williams v. Beard*, 637 F.3d 195, 205 (3d Cir. 2011).

The issue of whether a prima facie case has been established "becomes moot, and thus need not even be addressed, when the [striking counsel] provides explanations for the strikes." *Holloway v. Horn*, 355 F.3d 707, 723 (3d Cir. 2004). After striking counsel articulates a race-neutral explanation for the strikes, the court must consider "all of the circumstances that bear upon the issue of racial animosity." *Snyder*, 552 U.S. at 478. "The demeanor of the attorney exercising the challenge will often be the best evidence of discriminatory intent." *United States v. Jones*, 408 F. App'x 589, 592 (3d Cir. 2010) (citing *Snyder*, 552 U.S. at 477).

5

In this case, Defendant's attorney struck Juror Number 2 because her mother had been in an accident and had instituted a personal injury lawsuit. Defendant argued that Juror Number 2 would potentially be biased against Defendant in this personal injury case. Clearly, this peremptory strike was race-neutral.

Counsel struck Juror Number 9 because he wore dark sunglasses throughout voir dire, and because he was retired. Defendant argued that counsel was unable to make eye contact with Juror Number 9 and could not evaluate his facial expressions or demeanor. Counsel's decision to strike was not made on the basis of race. *See Jones*, 408 F. App'x at 591, 593-94 (rejecting *Batson* challenge where prosecutor argued that prospective juror was "nodding off" and "not engaged at times"); *United States v. Swinney*, 970 F.2d 494, 496-97 (8th Cir. 1992) (rejecting *Batson* challenge where prospective juror wore dark sunglasses and prosecutor was unable to establish eye contact). Juror Number 9 was the only person on the panel wearing sunglasses. He did not remove his sunglasses throughout voir dire. Counsel's statement that he was unable to evaluate the prospective juror's attitude towards the case was a race-neutral explanation for the decision to strike. Other than pointing out that the two prospective jurors were African-Americans, Plaintiff offers nothing in support of her position that defense counsel's peremptory strikes were based on race.

We accepted counsel's proffered explanations during the voir dire, and in light of all the circumstances, find that Plaintiff is not entitled to a new trial on this basis. We are satisfied that counsel did not harbor any discriminatory animus and that his use of peremptory strikes was race-neutral.

**C.     Motion to Remand**

On May 25, 2010, Plaintiff filed a motion to remand this action to state court. Plaintiff argued that Defendant Supervalu, Inc. is a Pennsylvania corporation. Plaintiff, a Pennsylvania citizen, argued that there was no subject matter jurisdiction because the parties were not diverse. *See* 28 U.S.C. § 1332. Plaintiff supported her argument by citing to the public filings of a Pennsylvania corporation named "Super Valu, Inc." (Mot. Remand Ex. 3, ECF No. 4.) Defendant responded that Super Valu, Inc. is a separate entity not named in this litigation. Defendant offered evidence that established that Defendant Supervalu, Inc.—an entity whose name consists of two words, rather than three—is a Delaware corporation with its primary place of business in Minnesota. (Defs.' Resp., ECF No. 5.) Plaintiff failed to rebut this evidence. On June 10, 2010, we issued a footnoted order denying Plaintiff's motion to remand and giving the reasons for the denial. (ECF No. 7.) The Order also advised that we would permit jurisdictional discovery on the issue if Plaintiff so requested. Plaintiff made no such request.

Plaintiff relies on her earlier arguments in support of remand. She presents no evidence that Defendant Supervalu, Inc. is a Pennsylvania corporation. Based upon the record, we are satisfied that this Court has diversity jurisdiction over this case and that remand is not appropriate.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motions will be denied.

An appropriate Order follows.

BY THE COURT:

/s/ **R. BARCLAY SURRICK, J.**
